————o————

5198.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF GEORGE EVANS AND ANN O'DAY, HIS WIFE.

1. The community is dissolved of right by the death of one of the spouses.
2. The successions of husband and wife may for convenience be administered in one and the same proceeding, but that does not constitute them one and the same succession.
3. Where the succession of husband and wife have thus been administered, and the community liquidated by the sale of the community property and payment of community debts and charges, the residuium left in the hands of the common administrator constitutes no longer a common fund but belongs in equal shares to the succession and heirs of the respective spouses.
4. The shares in the residuium of the community belonging to the succession of the predeceased spouse is not liable for any debts contracted or charges incurred by the surviving spouse after the dissolution of the community.
5. Where some of the heirs have, with the consent of the co-heirs, occupied free of rent the property belonging in common to them all, equity requires that those who have thus occupied

the property should bear the necessary charges accruing there-
on during their said occupancy, such as taxes and insurance.
*Qui sentit commodum sentire debet et onus.*

Appeal from the Civil District Court, Division "A."

T. B. Walker, attorney.

B. Y. Wolff, Dinkelspiel, Hart & Davey, attorneys.

J. B. Rosser, Jr., for appellant.

ST. PAUL, J.—George Evans, Senior, died intestate
in this city on June 2, 1893 leaving a widow in community
and four children, issue of their marriage.

His widow, Ann O'Day died, in this city on August 1,
1906, leaving a will in which she bequeathed the dispos-
able portion of her estate to her daughter, Ellen and
appointed her son, George Evans, Jr., executor of her
will. In the same instrument she acknowledged that
she owed her said son the sum of $800, which she di-
rected to be paid out of her estate.

On June 1, 1908, the succession of husband and wife
were formally opened in one and the same proceeding.
George Evans, Jr., qualified as executor under the will
of his mother and was also appointed administrator of
the succession of his father.

An inventory was taken which showed that the only
assets of said succession consisted of community prop-
erty appraised at the sum of $1250.

On March 10, 1909, the administrator-executor caused
the property aforesaid to be sold and realized therefrom
the sum of $1,912.50.

On June 4, 1909, the administrator filed his final ac-
count in which, though acknowledging that the afore-
said sum of $1912.50, belonged one-half to each succes-
sion, he nevertheless proceeds to treat the same as a

common fund out of which he proposes to pay indiscriminately not only the cost of administering and liquidating the community but all the debts and charges contracted and incurred by the widow since the death of her husband.

This account was opposed by some of the heirs in pleadings sufficiently general in scope and minute in specification to cover every item thereof.

These same heirs also sought to annul the will of their mother for alleged irregularities in the confection thereof, and they prayed that in any event their legitime be protected.

The judgment of the court a qua rejected their demand as to the will, and dismissed in toto their opposition to the account. From this judgment they appeal.

Insofar as the judgment upholds the validity of the will, its correctness is not challenged; and it was conceded at the argument, that no question of legitime can arise if in point of fact the deceased was truly indebted to her son in the sum declared in her will.

We are of opinion that the verity of this declaration is sufficiently established. But as the debt appeared on the account filed and is covered by the opposition we will defer for the present any mention of the evidence.

We, therefore, think that the judgment herein appealed from, in so far as it rejects the demand to have the will annulled, or the disposition thereof reduced, is correct and to that extent it should be affirmed.

We think, however, it was error to have rejected in toto the opposition to the account. The community which had existed between George Evans and Ann O'Day, his wife, was dissolved by the death of her husband which took place more than thirteen years before that of his wife. Whilst the two successions might for convenience be administered in one proceeding that did not consti-

tute them one and the same succession.

After liquidating the community by the sale of the property and payment of the costs of liquidation, the residum belonged in equal shares to the two successions and the debts contracted and charges incurred by Mrs. Evans after the death of her husband should not have been charged against his share therein.

The cost of liquidating the community in this case consisted only of the cost of administering and selling property, say;

Items 4 to 13 of the final account aggregating..$125.35
Items 17 to 27 of the final account aggregating.. 187.35
Items 26 to 30 of the final account aggregating.... 20.95
Item 25 (reduced to 2½ on th amount of the
  inventory $1250.)............................. 31.25
                                                 _____
                                                 $365.10

There were no other charges, and no debts of the community. So that deducting this amount of $365.10 from the gross proceeds of the sale, say $1912.50, leaves net to be divided between the two successions the sum of $1547.46, or $773.70 for each succession.

We have declined to charge the executor-administrator, with th rents from the time of the mother's death until the sale of the property, a period of thirty-one months, during which he occupied the property with his sister Ellen, because we think that he did so with the full consent of all the heirs, and without expectation that he should pay rent. On the other hand we have not allowed him reimbursement for the taxes and insurance during that period.

Having enjoyed the property free of rent, it was the least he could do to pay these charges during that time. Qui sentit commodum sentire debet et onus.

We, therefore, conclude that the succession of George

Evans Sr., amounts net to the sum of $773.70 and his heirs should, between them recover that sum in full without other deduction than certain costs hereinafter mentioned.

As to the succession of Mrs. Ann O'Day, his wife, we think that the evidence sufficiently establishes the verity of the claim of George Evans against her succession, acknowledged both in her will and by the note of hand. These acknowledgments, corroborated by the declarations of the deceased made at various times, by the oath of the claimant, and by the fact that he had lived with her and was her sole support, constitute sufficient proof under the circumstances.

We think, however, that the amount fixed by the deceased in her will included the taxes, insurance and repairs paid for her account by her son, and was not in addition thereto. At any rate all these items would otherwise be prescribed; but in any event, as the amount acknowledged in the will absorbs the whole balance of her succession and even leaves a deficit, the matter is of very little consequence.

Of course the succession of Mrs. Evans owes the balance due for her funeral—say $78.00.

So that the succession of Mrs. Ann O'Day Evans amounts to the sum of $773.70 as above stated; but in addition to its proportion of costs as hereinafter stated, said succession is also liable for said funeral expenses of $78.00 and for the claim of George Evans, Jr., being $800.00 with legal interest from August 21, 1906.

It is therefore ordered, adjudged and decreed that insofar as the judgment appealed from rejects the demand of the appellants to have the will of the deceased Ann O'Day, widow of George Evans, Sr., annulled, or the disposition thereof reduced, the same be and it is hereby affirmed. It is further ordered, that insofar as the said

— 200 —

judgment dismisses the oppositions of said appellants to the account herein filed, the same be annulled, avoided and reversed; and it is now ordered that said account be amended by reducing item 25 (Commission of Executor, etc.,) from $45.31 to $31.25, and by striking from said account, as charged against the proceeds of the community property, all the items appearing thereon save and except items Nos. 4 to 13, 17 to 23, 26 to 30, and 25 (as amended) aggregating $365.10, thereby fixing the net proceeds of the community property at $1547.40, and the share of each of the spouses therein at $773.70.

It is further ordered, that the following items of said account be recognized as charges solely against the succession of Ann O'Day, widow of George Evans, Sr., but not against the succession of her husband, to-wit, Items No. 2, Jacob Schoen & Son, funeral charges, $78.00; Item No. 24, George Evans, note of August 21, 1905 for $800.00 with legal interest from August 21, 1906 until paid.

It is further ordered, that al other items on said account and on the list of debts filed June 1, 1908, be stricken therefrom.

It is further ordered, that all the costs incurred in the court a qua in the proceedings taken to annul the will of the deceased Ann O'Day be borne by the appellants herein, and that all other costs herein incurred since the filing of the final account, including the costs of this appeal, be divided between and borne in equal proportions by the two successions, to-wit: one-half by the succession of George Evans, and one-half by the succession of Ann O'Day, his wife.